UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| $75,496.00 IN U.S. CURRENCY, | § | |
| Defendant | § | |

**COMPLAINT FOR FORFEITURE IN REM**

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

*Defendant Cash*

2. The Defendant is $75,496.00 in United States currency (the "Defendant Cash").

3. Law enforcement seized the Defendant Cash in San Juan, Texas on or about March 16, 2016. The Defendant Cash is currently in the custody of the United States Marshal's Service.

*Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

6. The Defendant Cash is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Factual Basis*

7. On or about March 16, 2016, law enforcement arrested Israel Garza ("Garza") at his residence in San Juan, Texas pursuant to a federal arrest warrant that was issued based upon a criminal complaint alleging that Israel Garza and others had engaged in drug trafficking. A federal grand jury subsequently returned an indictment charging Garza with possession with intent to distribute approximately 5.5 kilograms of methamphetamine on or about February 5, 2016, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

8. During the execution of the arrest warrant and a consent search of Garza's house in March 2016, law enforcement seized the Defendant Cash along with approximately 1.16 kilograms of methamphetamine and several drug payment ledgers.

9. The Defendant Cash consisted of the following denominations:

```
$100   x        165   =      $16,500.00
$50    x         79   =       $3,950.00
$20    x      2,668   =      $53,360.00
$10    x        112   =       $1,120.00
$5     x         13   =          $65.00
$1     x        501   =         $501.00
```

10. Approximately $59,240 of the Defendant Cash was in the living room, situated near a notebook containing drug payment ledgers. Several bundles of that cash were packaged in duct tape in a manner consistent with proceeds of drug trafficking. Law enforcement also observed duct tape that was in the same shape as a bundle of cash and appeared to have been previously used to package cash.

11. A canine, certified in narcotics detection, alerted to the bundles of cash located on the living room sofa, indicating the presence of the odor of illegal drugs.

12. The canine also alerted to a dresser in the master bedroom. Law enforcement subsequently found the rest of the Defendant Cash (approximately $16,256.00) inside drawers of the dresser. Also in the master bedroom was another notebook containing drug payment ledgers and a loaded gun.

13. Law enforcement found the methamphetamine and additional drug payment ledgers in the kitchen. Approximately one kilogram of the methamphetamine was packaged in black electrical tape and the rest of the methamphetamine (about 0.16 of a kilogram) was packaged in a clear plastic bag.

14. When asked about the cash and drugs found at his house, Garza told law enforcement that unknown individuals gave him the cash and drugs to hold at his house.

15. The Defendant Cash was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Requested Relief*

Wherefore, the United States of America prays that a judgment of forfeiture be entered against the Defendant Cash and in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

    Respectfully submitted,

    Kenneth Magidson
    United States Attorney

By:   s/Lori S. Roth
    Lori S. Roth
    Email: lori.roth@usdoj.gov
    Texas State Bar No. 24076691
    SDTX Bar No. 1383270
    Assistant United States Attorney
    United States Attorney's Office
    1000 Louisiana, Suite 2300
    Houston, TX 77002
    Telephone: (713) 567-9000
    Fax: (713) 718-3300

*Verification*

I, Elizabeth Gutierrez, a Special Agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on July 15, 2016.

_____
Elizabeth Gutierrez
Special Agent
U.S. Drug Enforcement Administration